UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| AMERICAN CONTRACTORS INDEMNITY COMPANY, | ) |  |
|---|---|---|
| *Judgment Creditor* | ) |  |
| v. | ) | No. 2:10-cv-434-DBH |
| BILL WHORFF, INC., et al., | ) |  |
| *Judgment Debtors* | ) |  |

### RECOMMENDED DECISION ON JUDGMENT CREDITOR'S MOTION FOR INSTALLMENT PAYMENT ORDER[1]

In the wake of a disclosure hearing held on June 20, 2011, the judgment creditor ("Creditor") seeks an order obliging judgment debtor Thomas P. Quinn ("Quinn") to immediately begin monthly installment payments in the amount of $303.50 per week in satisfaction of a judgment in the amount of $509,290.32 entered against Bill Whorff, Inc. and Quinn, jointly and severally, on January 24, 2011. *See* Motion for Order for Installment Payments ("Motion") (Docket No. 59); Default Judgment (Docket No. 45).[2] Because the Creditor has failed to take into account tax payments assumedly made by Quinn, which are a material component in the calculation of the maximum amount of earnings subject to installment payment orders under applicable Maine law, I recommend that the court deny the Motion without prejudice.

---

[1] My research indicates that post-judgment collection proceedings typically are considered dispositive proceedings and, hence, are handled by way of a recommended decision when referred to a United States magistrate judge. *See Michelson v. Schor*, No. 93 C 5124, 1996 WL 667803, at *2-*3 (N.D. Ill. Nov. 15, 1996); *Aetna Cas. & Sur. Co. v. Rodco Autobody*, 965 F. Supp. 104, 106 & n.1 (D. Mass. 1996); *Hearst/ABC-Viacom Entm't Servs. v. Goodway Mktg., Inc.*, 815 F. Supp. 145, 147 (E.D. Pa. 1992).

[2] On January 24, 2011, the same day as the judgment issued, the Creditor notified the court that Bill Whorff, Inc., had filed a bankruptcy petition. *See* Docket No. 47. The Creditor did not seek a default judgment against six of the eight defendants because they had previously filed petitions for bankruptcy. *See* Docket Nos. 40, 43.

1

## I. Procedural Background

On June 4, 2011, Quinn was served a disclosure subpoena obliging him to attend a disclosure hearing set for June 20, 2011, and to bring with him certain listed documents. *See* Hearing Exh. 1. I presided at a disclosure hearing on that date at which Quinn appeared *pro se* but brought no documents. He gave testimony primarily as to his income and expenditures. On July 1, 2011, I issued an order directing that Quinn produce certain documents to the Creditor by July 5, 2011. *See* Order (Docket No. 58). On July 13, 2011, the Creditor filed the instant motion, representing, *inter alia*, that Quinn had neither produced the documents that were the subject of my order nor offered any explanation or excuse for his failure to do so. *See* Motion ¶ 6. Quinn has filed no response to the Motion. *See generally* ECF Docket.[3]

## II. Discussion

"[I]n the absence of a controlling federal statute, the district court has the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law." *United States ex rel. Goldman v. Meredith*, 596 F.2d 1353, 1357 (8th Cir. 1979). The Creditor identified no controlling federal statute. *See generally* Motion.

Under Maine law, courts have the authority following a disclosure hearing to "determine the amount, if any, of the installment payments that the judgment debtor must make to the judgment creditor." 14 M.R.S.A. § 3126-A. The statute also provides, in relevant part:

> In the case of a judgment debtor who is an individual, the maximum amount of earnings for any workweek that is subject to an installment order may not exceed the least of:
>
> **A.** Twenty-five percent of the sum of the judgment debtor's disposable earnings and exempt income for that week;

---

[3] At the June 20, 2011, disclosure hearing, Quinn testified that he intended to file for bankruptcy that week. The court has received no notice that he has done so.

2

  **B.** The amount by which the sum of disposable earnings and exempt income for that week exceeds 40 times the minimum hourly wage prescribed by 29 United States Code, Section 206(a)(1); or

  **C.** The total amount of disposable earnings.

*Id.* § 3126-A(3). "Earnings" are defined as "compensation paid or payable for personal services, whether denominated as wages, salary, commissions, bonuses or otherwise, and includes periodic payments pursuant to a pension or retirement program." *Id.* § 3121(1).

  "Disposable earnings" are defined as "that part of the earnings of any judgment debtor remaining after the deduction from those earnings of any amounts required by law to be withheld." *Id.* § 3121(2). The phrase "any amounts required by law to be withheld[,]" *id.*, is construed to include, *inter alia*, required withholdings from an employee's earnings, such as taxes, *see, e.g., People's Heritage Sav. Bank v. Aldrich*, No. CIV.A AP-99-84, 2000 WL 33675764, at *2 & n.1 (Me. Sup. Ct. Apr. 7, 2000). In seeking installment payments of $303.50, which the Creditor calculated as the maximum amount payable pursuant to 14 M.R.S.A. § 3126-A(3), the Creditor deducted sums paid for child support in arriving at Quinn's disposable earnings but made no provision for tax payments. *See* Motion ¶¶ 11-12, 15.

  I surmise that the oversight is attributable, in the main, to Quinn's nonproduction of requested documents, even in the face of my July 1, 2011, order. Nonetheless, the burden rests on the Creditor to satisfy this court that it can craft an installment payment order conforming to the dictates of Maine law. I am confident that, even in the absence of evidence from Quinn, the Creditor can make a reasonable calculation of Quinn's estimated tax payments.

  As an ancillary matter, I also note that the Creditor erroneously stated in its Motion that Quinn pays the sum of $650 monthly in rent. *See id.* ¶ 8(x). The court's FTR recording of Quinn's testimony and my own notes reveal that he testified that he pays $1,600 monthly in rent.

While that sum is not relevant to an analysis of the maximum amount subject to an installment payment order, it bears on "[t]he reasonable requirements of the judgment debtor[,]" which a court may take into consideration in fashioning an installment payment order. *See* 14 M.R.S.A. § 3126-A(4)(A).

### III. Conclusion

For the foregoing reasons, I recommend that the Motion be **DENIED** without prejudice. Should the court adopt this recommended decision, I further recommend that the Creditor be permitted an opportunity to refile its motion with the proviso that it (i) use the correct monthly rental payment amount, (ii) either provide evidence of, or estimate, the amount of Quinn's tax payments, and (iii) to the extent that it provides an estimate of Quinn's tax payments, explain its rationale for said estimate.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 27th day of September, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge