UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| AMERICAN CONTRACTORS | ) | |
| INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:10-cv-434-DBH |
| | ) | |
| BILL WHORFF, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

### ORDER ON MOTION FOR HEARING

*Pro se* defaulted defendant Robin L. Whorff has requested a hearing with respect to assets of her son that she says were frozen in response to an order of this court dated November 23, 2010, approving the plaintiff's motion for attachment and attachment on trustee process against, *inter alia*, her property. *See* Dockets No. 19, 66-68. Ms. Whorff contends that she is named on the accounts in question as a guardian because her son is a minor, and that the accounts contain her son's college savings. *See* Docket No. 68. The plaintiff filed no response to Ms. Whorff's motion. *See* ECF Docket. I deny the motion without prejudice on the showing made.

Pursuant to Federal Rule of Civil Procedure 64, this court must look to state law in adjudicating matters of attachment and trustee process. *See* Fed. R. Civ. P. 64; *Murphy v. Foster*, 518 F. Supp.2d 292, 294 (D. Me. 2007). Maine Rule of Civil Procedure 4A(h) governs the dissolution or modification of attachments, and Maine Rule of Civil Procedure 4B(j) governs the dissolution or modification of trustee process. Both rules contemplate the dissolution or modification of an order of attachment or trustee process only in circumstances in which (i) the

order was entered *ex parte* or (ii) the defendant makes a showing that specific property or sufficient cash or bond is available to satisfy a judgment. *See* Me. R. Civ. P. 4A(h), 4B(j). The order at issue was not entered *ex parte*. *See* Docket Nos. 3, 19. And, Ms. Whorff has not made a showing that specific property or sufficient cash or bond is available to satisfy a judgment. *See* Docket No. 66-68. While both Rule 4A and Rule 4B provide that "[n]othing herein shall be construed to abolish or limit any means for obtaining dissolution, modification or discharge of [an attachment or trustee process] that is otherwise available by law[,]" Me. R. Civ. P. 4A(h), 4B(j), Ms. Whorff cites no authority for the requested hearing and modification.

In any event, Ms. Whorff has never moved pursuant to Federal Rule of Civil Procedure 55(c) to set aside, for good cause, the entry of default against her on November 19, 2010. *See* Docket No. 18. The Maine Law Court has held that a defaulted party cannot attack an underlying attachment order without first demonstrating good cause for its default pursuant to Rule 55(c). *Levine v. KeyBank Nat'l Ass'n*, 2004 ME 131, ¶ 10, 861 A.2d 678, 682.[1]

Finally, to the extent that Ms. Whorff meant to make this motion on behalf of her minor child, rather than herself, she cannot do so. A parent who is not a licensed attorney may not represent her child in a civil action such as this one. *See, e.g., Austin v. Town of Dexter*, 552 F. Supp.2d 38, 39-40 (D. Me. Apr. 8, 2008).

### NOTICE

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

---

[1] Proceedings against Ms. Whorff and several other defendants in this case were stayed following the plaintiff's filing of a notice to the court on January 17, 2011, that those defendants had filed bankruptcy petitions in the United States Bankruptcy Court for the District of Maine. *See* Docket Nos. 43, 46. Those petitions included a petition filed by Ms. Whorff and James E. Whorff bearing case number 11-20016. *See* Docket No. 43. According to my research, a final decree discharging the trustee in bankruptcy and closing bankruptcy case number 11-20016 was issued on September 19, 2011.

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 14th day of March, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge